# James H. Shea, Appellant, *v.* Quaker City Wheelmen.

*Principal and agent—Authority of agent—Question for jury.*

The question whether a building committee had full authority to act for a defendant corporation in ordering certain work to be done at a club

house is purely one of fact, and having been fairly left to the jury, the appellate court will not disturb the judgment.

Argued Oct. 12, 1898. Appeal, No. 123, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1896, No. 150, on verdict for defendant. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before WILLSON, J.

It appears from the evidence that defendant was a corporation engaged in the erection of a club house. The plaintiff had been engaged by a contractor, and, as it was alleged, by a duly authorized committee of the club to do plumbing work on the club house for the sum of $190, which with extra work brought the bill up to $207.53, which was the amount claimed. The defendant denied that they or any authorized agent for them ever contracted for the work; that Warren the contractor was an independent contractor to whom the entire alteration of the building was given and not their agent. There was evidence tending to show that they never agreed to pay for the work, or that any agent or committee had ever done so for them, also that the committee had no authority to so act. The plaintiff introduced evidence to show that the committee of the club, after he had stopped work, had promised to pay him the full amount of his bill if he went ahead with the work.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was to the charge of the court: "It is said that an interview was then held between himself (plaintiff) and the building committee, which, according to the testimony of one of the members, was a subcommittee of the board of directors, which in its entire capacity acted as building committee. He says that at that interview the building committee, after the matter was brought to their attention, said, 'Well, you go ahead, finish your work, and we'll see that you are paid.' Now if that interview took place, and that conversation occurred, and you find in the evidence that which possibly you may find, that which leads you to conclusion that the board of directors delegated such matters to the building committee, that the scope of authority of the building com-

mittee was sufficiently large to make it proper for them to make such an arrangement to bind the club, then for the work which the plaintiff did after that date, I think the defendants would be liable. If you find that there was such an interview, such a conversation, such an assumption of liability by the building committee of the defendant club, and that building committee had authority to make such a contract, in that case the defendants would be liable for work which the plaintiff did after that date. . . . And of course if, upon the evidence, you believe that the building committee was without authority to make any such contract, if there is not that in the evidence which satisfies you that it was within the scope of their authority to make such a contract, then whatever they may have said on the subject would not be binding upon the defendants, but would simply make them personally liable. . . . It is the only point in my judgment upon which the plaintiff can recover at all."

*G. Von Phul Jones*, for appellant.—When the promise to pay the debt of another arises out of some new consideration of benefit to the promisor or harm to the promisee, moving to the promisor, either from the promisee or the original debtor, such promise is not within the statute of frauds, though the original debt still subsists, and remains entirely unaffected by the new agreement: Whitcomb v. Kephart, 50 Pa. 85; Landis v. Royer, 59 Pa. 95; Cunningham v. Garvin, 10 Pa. 366.

A general agent for the management of a business of the principal has authority coextensive in scope with the business: Williams v. Getty, 31 Pa. 461; Peck v. Harriott, 6 S. & R. 145; Tanner v. Oil Creek R. R., 53 Pa. 411.

*W. P. Rambo*, with him *John O. Bowman*, for appellees.—The learned trial judge left to the jury the question whether the committee had authority to bind the defendants. This was all the plaintiff could ask. The fact and scope of an implied agency are questions of fact for the jury: 1 Am. & Eng. Ency. of Law, 1002; Seiple v. Irwin, 30 Pa. 513; Valentine v. Packer, 5 Pa. 333; Loudon S. F. Society v. Bank, 36 Pa. 498.

OPINION BY ORLADY, J., January 18, 1898:

The plaintiff sued to recover the amount of his bill for plumb-

ing work on the club house of the defendant under an alleged contract made "by their authorized agent, Harry K. Warren, and their committee duly authorized to make contracts on their behalf." The defendant denied the authority of Warren to bind it as its agent and the building committee denied every material fact to which the plaintiff testified to sustain his claim. The sole question in the case was one of fact. The plaintiff's fourth point required its submission to the jury. The evidence was brief, and the plaintiff seems to have assumed that the members styled directors or committee had full authority to act for the defendant, but there is no sufficient evidence of it in the case. Directions were given and work done in conformity therewith, but no authority is shown in the persons so acting to bind the corporation. One witness says " they seemed to be all bosses," and the plaintiff's misfortune is that he did not look to the authority of the persons giving the orders at the time the work was done.

The whole case was fairly left to the jury.

The judgment is affirmed.